Jay W. and Elizabeth G. Howard v. Commissioner.
Howard v. Commissioner
Docket No. 65620.
United States Tax Court
T.C. Memo 1959-89; 1959 Tax Ct. Memo LEXIS 162; 18 T.C.M. (CCH) 413; T.C.M. (RIA) 59089; April 30, 1959
*162 Casualty loss: Trees destroyed by hurricane. - Two large maple trees were uprooted by a hurricane. The Tax Court held that taxpayers had sustained a casualty loss. The amount of the loss was the difference between the fair market value of taxpayers' property before and after the casualty. F. C. Fiechter, Jr., Esq., 12 South 12th Street, Philadelphia, Pa., for the petitioners. Paul D. Ritter, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: This proceeding involves a deficiency in income tax in the amount of $215.65 for the taxable year 1954. The sole issue for decision is the amount of the casualty loss sustained by petitioners as the result of the destruction by hurricane of two trees on their property. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found, and are incorporated herein by this reference. During the taxable year 1954, petitioners Jay W. and Elizabeth G. Howard, husband and wife, resided in Lafayette Hills, Pennsylvania. They filed a joint Federal income tax return for that year with the director of internal revenue, Philadelphia, Pennsylvania. In February *163 of 1952, petitioners purchased for their family home the property located at 3008 Church Road, Lafayette Hills, Pennsylvania, together with all the improvements thereon for $10,000. This property has a frontage along Church Road of 140 feet, and an irregular depth of 135 feet, sloping off from the level of the road to the rear of the tract. The house located thereon is a three-storied structure of a frame clapboard construction. Also on the property is a onecar wooden frame garage. The first floor of the house consists of a living room, dining room, kitchen and hall. On the second floor are three rooms, a plain bath, and a stair hall. The third floor is comprised solely of two attic rooms, placed in tandem. Hot water, heated by oil, serves to heat the first and second floors. The third floor is not supplied with heat. Water for domestic usage is heated by gas. Subsequent to its purchase, but prior to October 15, 1954, petitioners expended $2,398.26 by way of capital improvements to the property. Of this amount, $60 was expended on the grounds, and the remainder spent on improvements to the house. The road running in front of the property is of macadam strip paving. However, it *164 lacks sidewalks, curbing and sewers. The neighborhood in which the property is located is residential. Directly across from the property, stands a church and church-yard of historical significance, for it was there that Peter Muhlenberg preached before the Revolutionary War. Prior to October 15, 1954, the landscaping of the property included some ten trees and a row hedge. Only two of these trees was substantial enough to supply the premises with shade. One of these, a silver maple, stood some 35 feet to the rear of the house. It was approximately 75 feet high, had a trunk some 30 inches in diameter, and in summer shaded the back porch of the residence. Additionally, it contributed to the esthetic value of the property. The second of these shade trees was also a silver maple, and stood some 10 to 12 feet off the western side of the house. Its height was 45 to 55 feet, and the diameter of its trunk between 20 and 25 inches. On October 15, 1954, Hurricane Hazel struck the Lafayette Hills area of Pennsylvania. The force of the storm uprooted the maple standing to the rear of petitioners' property, and it fell across their house. Further, the storm so damaged the maple standing *165 to the west of their residence that they had it removed from the property. Prior to the destruction of the two maple trees petitioners' property had a fair market value of $13,250. After the loss of those trees, the fair market value of the property was $12,500. On their 1954 Federal income tax return, petitioners claimed a casualty loss deduction in the amount of $1,275 for the loss of the two maple trees. Respondent disallowed all but $192 of the claimed deduction, and as a result, petitioners' itemized deductions were decreased to an amount which was less than the optional standard deduction. Accordingly, respondent gave them the benefit of the greater standard deduction. Petitioners sustained a casualty loss in 1954 in the amount of $750 as a result of the loss of the two trees here in issue. Opinion The single issue for decision is the amount of the casualty loss suffered by petitioners as a result of storm damage to two silver maple trees in October of 1954. The question is solely factual, and our findings are dispositive thereof. The measure of any such loss is the difference between the fair market value of the property immediately prior to the casualty, and the *166 fair market value of the property immediately thereafter, reduced by any insurance recovered as a result thereof. An overall limitation on the loss is the adjusted basis of the property under consideration. . In arriving at our conclusion, we have taken into consideration the testimony of petitioners' expert witness, taking note of the fact that his familiarity with the particular property was somewhat limited and that he himself had made no appraisal of the premises before the loss. As has often been said, opinion evidence is not binding on the court, but rather serves to guide it in reaching its decision. Thus, each case calls for the exercise of the best judgment of the trier of the facts in light of the record as a whole. We have done so, and have found as a fact that petitioners suffered a casualty loss in 1954 as a result of the loss of the trees under consideration in the amount of $750. Decision will be entered under Rule 50.